**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

DOMINIC D. ROLAK,

        Petitioner,

v.                                                           Case No. 06-CV-15713

BARRY D. DAVIS,

        Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD CASE IN ABEYANCE AND CLOSING CASE FOR STATISTICAL PURPOSES

Petitioner Dominic D. Rolak has filed a habeas corpus petition under 28 U.S.C. § 2254, which has been fully briefed. Also pending before the court is Petitioner's motion to hold the case in abeyance pending Petitioner's exhaustion of his state court remedies.

Petitioner's habeas petition challenges his state conviction for possession with intent to deliver 50 to 450 grams of cocaine. Petitioner pleaded guilty to the offense in exchange for the State's promise to dismiss another case and a notice charging Petitioner with being a fourth habitual offender. The trial court sentenced Petitioner to imprisonment for 2½ to 20 years in prison. Petitioner applied for leave to appeal on the sole ground that the trial court failed to grant him the proper amount of presentencing credit. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented, *see People v. Rolak*, No. 269632, slip op. (Mich. Ct. App. Aug. 18, 2006), and on November 29, 2006, the Michigan Supreme Court denied leave to appeal

because it was not persuaded that it should review the issue, *see People v. Rolak*, 477 Mich. 950; 723 N.W.2d 876 (2006).

Petitioner filed his habeas corpus petition on December 26, 2006. The grounds for relief allege that (1) there was no probable cause to support the arrest warrant, (2) Petitioner's trial attorney provided ineffective assistance by failing to challenge the sufficiency of the criminal complaint and supporting warrant and (3) the State violated Petitioner's civil rights by arresting, prosecuting and incarcerating him. Respondent Barry Davis asserts in a responsive pleading that Petitioner has not exhausted available state remedies for any of his claims.

Petitioner concedes that he has not exhausted available state remedies for his claims as required by 28 U.S.C. § 2254(b)(1). He nevertheless urges the court to hold his case in abeyance while he pursues state remedies.

Although district courts ordinarily must dismiss a habeas petition containing any unexhausted claims, *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982), a dismissal could result in a subsequent habeas petition being barred by the one-year statute of limitations, *see* 28 U.S.C. § 2244(d). In light of this dilemma, courts may stay a habeas petition and hold it in abeyance while the petitioner exhausts state remedies. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005). Granting a motion for stay and abeyance is appropriate if (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless and (3) the petitioner is not engaged in abusive litigation tactics or intentional delay. *Id.* at 277-78.

2

Here, Petitioner does not appear to be engaged in abusive litigation tactics and he explains that his failure to exhaust resulted from his appellate attorney's failure to raise his claims on direct appeal. Although his claims may lack merit or not be cognizable on habeas review, it appears that Petitioner has already filed a motion in the trial court for relief from judgment. The court will therefore permit Petitioner to continue his pursuit of state court remedies. Accordingly,

IT IS ORDERED that Petitioner's motion to hold this case in abeyance [Dkt. # 4] is GRANTED. The court's stay is conditioned on Petitioner seeking to re-open this case within ninety days of exhausting state remedies for his claims. In the meantime, the Clerk of Court is ORDERED to close this case for statistical purposes only.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 31, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2007, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522